**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOUIS PALACIO, | : | Civil No.: 04-5204 (FLW) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| JOHN NASH, Warden, | : | |
| Respondent. | : | |

**APPEARANCES:**

Louis Palacio, Pro Se
#05797-052
F.C.I. Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ 08640

J. Andrew Ruymann
Assistant United States Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Respondent

**WOLFSON,** District Judge

    Petitioner, Louis Palacio, has submitted to the Court the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  The respondent has filed a Motion to Dismiss for Lack of Jurisdiction.  For the reasons set forth below, the respondent's motion will be denied.  Respondents will be ordered to Answer the petition.

## BACKGROUND

Petitioner states that he is being denied credit on his federal sentence for time served in state custody.  According to Petitioner, if the relief he seeks is granted, he would have been eligible for halfway house placement in December 2004, at the earliest.  Petitioner sought to remedy his credit issue while incarcerated in state custody.  On May 16, 2002, the Federal Bureau of Prisons ("BOP") sent him a letter telling him that his request for jail credit would be reviewed when he was received in federal custody.  The letter also informed Petitioner that if he wished to have his case reviewed for nunc pro tunc designation, he could forward copies of his criminal judgment to the BOP regional office.  See Petition, Exhibit 1.

Petitioner requested nunc pro tunc designation to the BOP Northeast Regional Office.  The request was denied by letter dated July 31, 2002.  The letter reviewed the merits of Petitioner's request and definitively stated:  ". . . your request for a nunc pro tunc designation is denied."  See Petition, Exhibit 3.

Petitioner filed the instant petition on November 22, 2004, after payment of the filing fee.  On March 10, 2005, this Court granted Respondent permission to file a motion to dismiss in lieu of an Answer.

On March 21, 2005, Respondent filed the instant motion to dismiss, arguing that the case should be dismissed, without prejudice, for failure to exhaust administrative remedies. Respondent argues that Petitioner has not utilized the formal, three-step administrative remedy process to address his sentencing concerns.

On April 25, 2005, Petitioner responded to the motion to dismiss, asking this Court to proceed to the merits of the petition and arguing that formal exhaustion of administrative remedies should not bar consideration of the merits in his case. He also attached to the response an Informal Resolution Form, dated March 20, 2005, setting forth his concerns.  He received a response from his correctional counselor stating that he had already filed a "BP 9" on this matter.  See Petitioner's Response to Motion, Exhibit 1.

## DISCUSSION

Before seeking habeas relief pursuant to § 2241, inmates must exhaust available administrative remedies.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).  To exhaust administrative remedies before the Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally.  See 28 C.F.R. § 542.13.  If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy

Request for response by the warden of the facility.  See 28 C.F.R. § 542.14.  If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision.  If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision.  See C.F.R. § 542.15.  If these responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In Snisky v. Pugh, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit.  See 974 F. Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998).  The court recognized that exhaustion could be excused where it would be futile.  See id.  In Snisky, the court found that the BOP "unequivocally" would deny the petitioner's relief, and he would return to the district court after the denial.  Thus, the court addressed the claims on the merits.

Likewise, in Ferrante v. Bureau of Prisons, the court found that if the petitioner's claim were meritorious, he would be released to a halfway house relatively soon; therefore,

4

dismissing the petition for lack of exhaustion would be futile. See 990 F. Supp. 367, 370 (D.N.J. 1998)(citing Snisky, 974 F. Supp. at 819-20).  Further, the court held that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached.  See id.  See also Fraley v. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

In this case, the Court will excuse the exhaustion requirement.  First, Petitioner has, under the guidance of the Administrator of the BOP's Inmate Systems Management, requested nunc pro tunc designation.  The Northeast Regional Office considered the merits of Petitioner's claim, wrote its findings, and denied the request.  Further, Petitioner states that if his claims were to succeed on habeas review, his release date from federal custody could have been as early as December 2004.  Thus, considering the potential time restraints, it would be futile to require Petitioner to request again the same relief from the same regional office, to presumably, receive the same response.

Therefore, Respondent's Motion to Dismiss for Lack of Jurisdiction is denied.

5

**CONCLUSION**

Based on the foregoing, Respondent's motion to dismiss for lack of jurisdiction is hereby denied.  Respondent will be ordered to Answer the claims presented in the Petition.  An appropriate Order accompanies this Opinion.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: August 17, 2005