**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LOUIS PALACIO,  :  <br>  :  <br> Petitioner, : <br>  :  <br> v. : <br>  :  <br> JOHN NASH, : <br>  :  <br> Respondent. : | Civil No. 04-5204 (FLW) <br><br> **OPINION** |

**APPEARANCES:**

    Louis Palacio, Petitioner pro se
    #05979-052
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    J. Andrew Ruymann, Assistant U.S. Attorney
    United States Attorney's Office
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Counsel for Respondent

**WOLFSON, District Judge**

    This matter is before the Court on Petitioner Louis Palacio's application for habeas corpus relief under 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence with respect to credit. Respondent answered the petition on October 7, 2005. The Court has reviewed all documents submitted and, for reasons now discussed, will order Respondent to expand the record, pursuant

to Rule 7 ("Expanding the Record") of the Rules Governing § 2254 Cases in District Courts.[1]

## BACKGROUND

On February 11, 1999, Petitioner received three federal sentences imposed by the United States District Court, Middle District of Pennsylvania. For drug charges, he was sentenced to two 64-month terms of imprisonment, to run concurrently. For violating supervised release, he was sentenced to a 15-month term of imprisonment, to run consecutively to any previously imposed state or federal sentence. For violating probation he was sentenced to a 6-month term of imprisonment to run consecutively to any previously imposed state or federal sentence.

Almost one month later, on March 8, 1999, Petitioner was sentenced in Pennsylvania state court to a state sentence of five to twelve years; the sentencing judge ordered that the state sentence run consecutively to Petitioner's federal sentence.

In mid-March, after he was sentenced in state court, Petitioner was returned to federal custody to serve his federal sentence. Respondent admits that this was an error.

On July 1, 1999, Petitioner was returned to the state to serve his state sentence. However, the state refused him because

---

[1] The Rules Governing § 2254 Cases in the U.S. District Courts ("Habeas Rules") were made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

2

his state sentence was ordered to run consecutively to his federal sentence, and said federal sentence had not yet expired. Therefore, to correct the error, on July 7, 1999, the state resentenced Petitioner and removed the "consecutive" order, so that Petitioner could be committed to state custody. On July 13, 1999, Petitioner was committed to state custody. On June 30, 2004, Petitioner was paroled from state custody and returned to federal custody to serve his federal sentence.

Petitioner argues in the instant petition that he has been in federal custody since he was inadvertently designated to the custody of the Bureau of Prisons ("BOP") in mid-March 1999. He also states that his federal and state sentences should have run concurrently from mid-March 1999, and that he is being denied proper credit. He states that having commenced his federal sentence in mid-March 1999, he is entitled to uninterrupted and continuous credit of his federal sentence pursuant to 18 U.S.C. § 3585(a). He also states he is entitled to good time credit pursuant to 18 U.S.C. § 3624(b).

Respondent argues that Petitioner's federal sentence did not commence in mid-March 1999 when he was erroneously designated to federal custody, but that his federal sentence commenced when he was paroled from state custody, on June 30, 2004. Respondent argues that the time from mid-March 1999 to June 30, 2004, was credited towards Petitioner's state sentence; therefore, it

3

cannot also be credited towards his federal sentence pursuant to 18 U.S.C. § 3585(b). Finally, Respondent argues that Petitioner is not entitled to concurrent sentences, as this was not the intent of the state sentencing court upon resentencing, and that is was clear that Petitioner's federal sentence was to commence after service of the state sentence.

## DISCUSSION

### A. Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  **Law Governing Petitioner's Claims.**

The United States Attorney General has responsibility for computing a federal sentence, including credit for any jail time already served.  See United States v. Wilson, 503 U.S. 329, 335-37 (1992); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993).  The Attorney General has delegated this responsibility to the BOP pursuant to 28 C.F.R. § 0.96.  See Wilson, 503 U.S. at 335.  In computing a federal sentence, the BOP must make two separate determinations: (1) when the federal sentence commences; and (2) to what extent credit may be awarded for time spent in custody before commencement of the sentence.  See Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3d Cir. 1996).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit.  See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

5

Section 3585(b)[2] allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329 (1992).

**C.   When Did Petitioner Commence his Federal Sentence?**

Petitioner contends that his federal sentence commenced in mid-March 1999, when he was erroneously designated to BOP custody. As evidence that his sentence commenced in mid-March 1999, Petitioner notes that "while he was serving his federal sentence at FCI Fort Dix, a detainer was lodged by the Pennsylvania state officials in relations to the pending state sentence." Petitioner also points to the fact that the state would not take him in July of 1999 when he was returned to the

---

[2] For offenses committed on or after November 1, 1987, as in this case, determinations as to the commencement of a federal sentence and prior custody credit are governed, respectively, by 18 U.S.C. §§ 3585(a) and (b).

6

state from the BOP, as his federal sentence had not yet expired, and his state sentence was ordered to run consecutively to his federal sentence.  Thus, he was not yet committed to the state, yet he was in federal custody of the BOP and serving time.  He was not committed to state custody until July 13, 1999.

Respondent argues that Petitioner's federal sentence commenced on June 30, 2004, when he was paroled from state custody.  Respondent states that the mid-March 1999 erroneous designation did not commence Petitioner's federal sentence because that would "fly in the face of the intent of the state sentencing judge," and is contrary to the principle that the BOP has inherent authority to correct its errors.

Title 18 of the United States Code, section 3585(a) states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Thus, this Court must determine whether or not, in mid-March 1999, Petitioner was "received in custody awaiting transportation to" the federal detention center.

The Court notes that on the Inmate Data Sheet provided by Respondent as Exhibit 1 to the Declaration of Robert Mayer, from March 31, 1999 to June 30, 1999 Petitioner was "designated, at assigned facil[ity]" at Fort Dix.  This description of "designated, at assigned facil[ity]" is the exact same entry for

7

the dates of September 14, 2004 to "current." Further, the Court notes that according to the state's "Sentence Status Summary" attached as Exhibit 7c to the Mayer Declaration, Petitioner received credit on his state sentence from June 20, 1997 (the date of his Pennsylvania arrest) to March 8, 1999 (the date he was originally sentenced in the state). The sentence computation date is listed as July 13, 1999, as an "initial" computation. There is no indication as to custody or credit to account for the time from March 9, 1999 until July 13, 1999. Respondent has provided no documentation demonstrating that Petitioner received state credit for this time, or that he was in state custody at this time. In fact, the documentation provided by Respondent demonstrates that Petitioner was "designated, at assigned facility" at Fort Dix during this time.

Thus, even if the BOP did make an error which it later corrected by returning Petitioner to state custody, Petitioner was in custody during the time of the error, and is entitled to know whose custody he was under at the time.

Respondent argues that § 3585(b) "mandates that a federal prisoner is not entitled to prior custody credit towards a federal sentence for a period spent in federal custody, before sentencing, when the state has provided credit for the same time period." (Answer, p. 18, citing Rios v. Wiley, 201 F.3d 257, 271-272 (3d Cir. 2000)(other citations omitted). However, in this

8

case, Petitioner is looking for custody credit towards his federal sentence for a period of time spent in federal custody, <u>after</u> sentencing.  Respondent has not demonstrated that the state has provided credit for this time period.  Therefore, as Respondent has averred that Petitioner received credit on his state sentence for time he was in BOP's custody erroneously (Answer, pp. 18-19), the Court will Order Respondent to expand the record with evidence that demonstrates that the Petitioner received state credit during the time of March 1999 until July 13, 1999.

## **CONCLUSION**

For all of the foregoing reasons, the Court will Order Respondent to expand the record.  The Court will then revisit the merits of the Petition.  An appropriate order follows.


                                                 <u>S/ Freda L. Wolfson</u>
                                                 FREDA L. WOLFSON
                                                 United States District Judge

Dated: February 3, 2006