**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>LOUIS PALACIO,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>Civil No. 04-5204 (FLW)</td></tr>
<tr><td>Petitioner,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>**OPINION**</td></tr>
<tr><td>JOHN NASH,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Respondent.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
</table>

**APPEARANCES:**

Louis Palacio, Petitioner pro se
#05979-052
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

J. Andrew Ruymann, Assistant U.S. Attorney
United States Attorney's Office
402 East State Street, Room 430
Trenton, New Jersey 08608
Counsel for Respondent

**WOLFSON, District Judge**

This matter is before the Court on Petitioner Louis Palacio's application for habeas corpus relief under 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. After this Court denied Respondent's Motion to Dismiss on August 17, 2005, Respondent answered the petition on October 7, 2005. On February 3, 2006, the Court ordered Respondent to expand the record. Respondent

did so and reported back to the Court on March 3, 2006.  The Court has reviewed all documents submitted and, for reasons now discussed, the Petition will be partially granted, and the matter will be remanded to the Bureau of Prisons for further action.

## BACKGROUND

On February 11, 1999, Petitioner received three federal sentences imposed by the United States District Court, Middle District of Pennsylvania.  For drug charges, he was sentenced to two 64-month terms of imprisonment, to run concurrently.  For violating supervised release, he was sentenced to a 15-month term of imprisonment, to run consecutively to any previously imposed state or federal sentence.  For violating probation he was sentenced to a 6-month term of imprisonment to run consecutively to any previously imposed state or federal sentence.

Almost one month later, on March 8, 1999, Petitioner was sentenced in Pennsylvania state court to a state sentence of five to twelve years; the sentencing judge ordered that the state sentence run consecutively to Petitioner's federal sentence.

In mid-March, after he was sentenced in state court, Petitioner was returned to federal custody to serve his federal sentence.  Respondent admits that this was an error.

On July 1, 1999, Petitioner was returned to the state to serve his state sentence.  However, the state refused him because his state sentence was ordered to run consecutively to his

federal sentence, and said federal sentence had not yet expired. Therefore, to correct the error, on July 7, 1999, the state resentenced Petitioner and removed the "consecutive" order, so that Petitioner could be committed to state custody.  On July 13, 1999, Petitioner was committed to state custody.  On June 30, 2004, Petitioner was paroled from state custody and returned to federal custody to serve his federal sentence.

Petitioner argues in the instant petition that he has been in federal custody since he was inadvertently designated to the custody of the Bureau of Prisons ("BOP") in mid-March 1999.  He also states that his federal and state sentences should have run concurrently from mid-March 1999, and that he is being denied proper credit.  He states that having commenced his federal sentence in mid-March 1999, he is entitled to uninterrupted and continuous credit of his federal sentence pursuant to 18 U.S.C. § 3585(a).  He also states he is entitled to good time credit pursuant to 18 U.S.C. § 3624(b).[1]

Respondent argues that Petitioner's federal sentence did not commence in mid-March 1999 when he was erroneously designated to federal custody, but that his federal sentence commenced when he was paroled from state custody, on June 30, 2004.  Respondent also argues that Petitioner is not entitled to concurrent

---

[1]  The Court notes that Petitioner has received credit towards his federal sentence for time spent erroneously in federal custody, from March 9, 1999 through July 13, 1999.

3

sentences, as this was not the intent of the state sentencing court upon resentencing, and that is was clear that Petitioner's federal sentence was to commence after service of the state sentence. Respondent further notes that Petitioner's request to the BOP for <u>nunc pro tunc</u> designation was denied.

<b><u>DISCUSSION</u></b>

**A.   <u>Standard of Review</u>**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

**B.   <u>Law Governing Petitioner's Claims.</u>**

The United States Attorney General has responsibility for computing a federal sentence, including credit for any jail time

4

already served.  See United States v. Wilson, 503 U.S. 329, 335-
37 (1992); United States v. Brann, 990 F.2d 98, 104 (3d Cir.
1993).  The Attorney General has delegated this responsibility to
the BOP pursuant to 28 C.F.R. § 0.96.  See Wilson, 503 U.S. at
335.  In computing a federal sentence, the BOP must make two
separate determinations: (1) when the federal sentence commences;
and (2) to what extent credit may be awarded for time spent in
custody before commencement of the sentence.  See Chambers v.
Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3d
Cir. 1996).

There are three ways that an inmate can accrue federal jail
credit: (1) credit for time spent in custody while actually
serving a federal sentence; (2) credit for prior custody under 18
U.S.C. § 3585(b); and (3) credit for time spent in non-federal
pre-sentence custody during which the inmate is denied bail
because of a federal detainer, commonly referred to as "Willis"
credit.  See Willis v. United States, 438 F.2d 923 (5th Cir.
1971).

Section 3585(b)[2] allows an inmate to use time served in
custody prior to the imposition of a sentence towards the
completion of that sentence when the custody was "(1) as a result

---

[2]  For offenses committed on or after November 1, 1987, as
in this case, determinations as to the commencement of a federal
sentence and prior custody credit are governed, respectively, by
18 U.S.C. §§ 3585(a) and (b).

of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The Supreme Court has made clear that inmates are not allowed to "double count" credit.  <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329 (1992).

C.    **<u>When Did Petitioner Commence his Federal Sentence?</u>**

Petitioner contends that his federal sentence commenced in mid-March 1999, when he was erroneously designated to BOP custody.  As evidence that his sentence commenced in mid-March 1999, Petitioner notes that "while he was serving his federal sentence at FCI Fort Dix, a detainer was lodged by the Pennsylvania state officials in relations to the pending state sentence."  Petitioner also points to the fact that the state would not take him in July of 1999 when he was returned to the state from the BOP, as his federal sentence had not yet expired, and his state sentence was ordered to run consecutively to his federal sentence.  Thus, he was not yet committed to the state, yet he was in federal custody of the BOP and serving time.  He was not committed to state custody until July 13, 1999.

Respondent argues that Petitioner's federal sentence commenced on June 30, 2004, when he was paroled from state custody.  Respondent states that the mid-March 1999 erroneous designation did not commence Petitioner's federal sentence because that would "fly in the face of the intent of the state sentencing judge," and is contrary to the principle that the BOP has inherent authority to correct its errors.

Title 18 of the United States Code, section 3585(a) states:

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Thus, this Court must determine whether or not, in mid-March 1999, Petitioner was "received in custody awaiting transportation to" the federal detention center.

A prisoner seeking habeas relief under § 2241 must demonstrate that his custody is unlawful, "and not just that an administrative official made a mistake in the implementation of a statute or regulation." Bush v. Pitzer, 133 F.3d 455, 456 (7th Cir. 1997).  For example, in cases where an agency administers an incorrect policy, the general rule is that, "mistakes on the part of the government, such as its misinterpretation of applicable law, do not prevent the government from correcting those mistakes when they are discovered." Culter v. United States, 241 F. Supp.2d 19, 25 (D.C. 2003)(citing Lerner v. Gill, 751 F.2d 450,

459 (1st Cir. 1985)).  However, a belated correction of a
sentencing mistake can be so unfair as to deny due process.  See
id. (citing DeWitt v. Ventetoulo, 6 F.3d 32, 35 (1st Cir.
1993))(other citations omitted).  Factors to consider when
evaluating a due process attack concerning an agency error are:

> ... the length of time between the mistake and the
> attempted correction; whether the defendant contributed
> to the mistake; the reasonableness of defendant's
> intervening expectations; the prejudice resulting from
> the change; and the government's diligence in seeking
> the change.

Id. at 25-26 (citing DeWitt, 6 F.3d at 35); see also Baker v.
Barbo, 177 F.3d 149, 158 (3d Cir. 1999)(citing DeWitt and holding
that Due Process Clause was not violated when Petitioner did not
show a substantial enough expectation of release due to illegally
imposed sentence); Green v. Christiansen, 732 F.2d 1397, 1399
(9th Cir. 1984)(holding that prison officials had power to
recommit erroneously released prisoner so long as his sentence
would not have expired had he remained in confinement, and that a
"ministerial mistake does not necessarily excuse [Petitioner]
from serving the rest of his sentence").

Petitioner argues that when he was erroneously designated to
federal custody, he was entitled to serve a continuous sentence.
The governing principle being that, unless interrupted by escape,
violation of parole, or some other fault of the prisoner, he
cannot be required to serve his sentence in installments, and
that prisoners have a right to serve a continuous sentence.  See

White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)(holding that prisoner's sentence continues to run during time prisoner is at liberty after released from incarceration mistakenly, through no fault of his own).

However, courts have held that this rule has been overbroadly applied, and that "[t]he limited function of this rule is clear: Its sole purpose is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations." Free v. Miles, 333 F.3d 550, 554 (5th Cir. 2003)(citing Dunne v. Keohane, 14 F.3d 335, 336-37 (7th Cir. 1994)(where Seventh Circuit recognized that, as there was "no release into the free community, ... there was no postponement" of the federal sentence); and Cox v. Federal Bureau of Prisons, 642 F.2d 534, 537 (8th Cir. 1981)(refusing to grant time-served credit to prisoner returned to state custody to complete state sentence, and after paroled from state prison returned to federal custody to complete consecutive federal sentence)).

In Free, the court found that Free's total time of incarceration in both federal and state prison would not be increased "by even a single day" as a result of his mistakenly serving six months of his federal sentence prior to completion of his state sentence. Free, 333 F.3d at 555. Because Free successfully petitioned the courts through a habeas petition for

credit for time spent while he was erroneously serving his federal sentence, he was serving the correct total time of his consecutive state and federal sentences, and "[t]hat he will have done so in two shifts between sovereigns rather than one is of no comment."  Id.  As the court concluded in Free, the rule against piecemeal incarceration does not "justify or mandate that a prisoner receive a 'get out of jail early' card any time that such a minuet occurs, even when the prisoner is not at fault." Id.

Applying these principles to the instant case, the BOP's erroneous designation of Petitioner into federal custody from mid-March 1999 until June 30, 1999 did not violate Petitioner's rights to warrant habeas relief.

The Court finds that Petitioner was not received into federal custody until June 30, 2004, when he was paroled from state custody and returned to federal custody to serve his federal sentence.  The erroneous designation of Petitioner to federal custody in mid-March 1999 until June 30, 1999 was a mere error by the BOP, which was corrected promptly and caused no prejudice to Petitioner, in light of the fact that he has received credit for this time towards his federal sentence. Although the error was due to no fault of Petitioner, this is not the case where Petitioner's due process rights have been violated due to the error.  Like the petitioner in Free, Petitioner will

not serve "one single day more" as a result of the mistake.  He will have simply served his consecutive state and federal sentences in "two shifts between sovereigns" instead of one.

**D.   <u>Did Petitioner's Sentences Run Concurrently or Consecutively?</u>**

The Court notes that Petitioner applied to the BOP to have his sentences run concurrently pursuant to a <u>nunc pro tunc</u> designation.  <u>See</u> BOP Program Statement 5160.05;[3] <u>Barden v.</u>

---

[3]   Program Statement 5160.05 states, in relevant part:

**(3)   PROGRAM OBJECTIVES.**  The expected results of this program are:

> (a)   State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

* * *

**(9)   CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

> (a)   Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence.  Ordinarily, the reason for selecting the non-federal institution is that the primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.
>
> (b)   When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation.  Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent.  Ordinarily, this intent is made known in one of the following ways:
>
> > (1)   **Court Order.**  The sentencing court orders, on the Judgment and Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be

11

served concurrently with a state sentence.
* * *

(2)  **Court Recommendation of Non-Federal Confinement.**
The sentencing court recommends a non-federal institution as the place of confinement on the J&C.
* * *

(3)  **Concurrent Service of Sentence After Imposition.**
The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition.
* * *

(4)  **Inmate Request.**  Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

(a)  In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
*    However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

(b)  This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available, to include:
*    a copy of the federal and state J&Cs,
*    the state sentence data record to include jail credits, and
*    any other pertinent information relating to the federal and state sentences.

(c)  In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state

12

Keohane, 921 F.2d 476 (3d Cir. 1991)(holding that prisoner was
entitled to have BOP consider request to designate state prison
as "place of confinement" for purposes of determining whether
prisoner was entitled to credit against his federal sentence for

---

term), the RISA will send a letter to the
sentencing court (either the Chambers of the
Judge, U.S. Attorney's Office, and/or U.S.
Probation Office, as appropriate) inquiring
whether the court has any objections.
Regardless of where the original inquiry is
directed, the U.S. Attorney's Office and U.S.
Probation Office will receive a courtesy
copy.

(d)   If, after 60 days, a response is not received
from the sentencing court, the RISA will
address the issue with the Regional Counsel
and a decision will be made regarding
concurrency.

(e)   No letter need be written if it is determined
that a concurrent designation is not
appropriate.  If the court has indicated
previously that its language on judgments is
sufficient for designation of a state
institution for service of the federal
sentence, then no further letters need be
written.

When the original sentencing judge is no longer
available and the assigned judge offers no
opinion, the RISA will make a determination based
on the particular merits of the case . . . The
RISA will notify the inmate of the decision in
writing and place a copy of this notification in
the J&C file.

(f)   The Bureau will not allow a concurrent
designation if the sentencing court has
already made a determination regarding the
order of service of sentence (e.g., the
federal sentencing court ordered the sentence
to run consecutively to any other sentence,
or custody in operation, during any time in
which the inmate requests concurrent
designation).

time spent in state custody).  Petitioner's application was denied by the BOP.  The BOP noted that the federal sentencing judge had specifically ordered that the two violator sentences be served consecutively to the state sentence, and that the judge was silent as to whether or not the sentences for the underlying crimes be served consecutively or concurrently to the state court judgments.

Title 18 of the United States Code, section 3584(a), states:

> **a) Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  <u>Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.</u>

18 U.S.C. § 3584(a)(emphasis added).

The Program Statement orders that the intent of the sentencing judge be examined to determine whether or not concurrent service of a federal and non-federal sentence is appropriate.  <u>See</u> P.S. 5160.05 (9)(a), (b).  The federal sentencing judge's intent is ascertained by examining the sentencing court's order and recommendations.  <u>See</u> P.S. 5160.05 (9)(b)(4), (5).  The designation of a state institution for service of a federal sentence must be consistent with the intent

14

of the federal sentencing court, or consistent with the goals of the criminal justice system.  See P.S. 5160.05(3)(a).

In Barden v. Keohane, the petitioner was sentenced to a twenty-year term of imprisonment for bank robbery.  However, before serving his federal sentence, he had served more than ten years on state sentences in state custody, which the state sentencing court intended to run concurrently with his federal sentence.  921 F.2d 476, 477 (3d Cir. 1991).  The Government argued that the fact that the state court ordered the sentences to run concurrently was "immaterial."  See id. at 478.  However, the Court of Appeals for the Third Circuit held that the federal government has the statutory authority to make the nunc pro tunc designation that the petitioner desired; that is, the BOP erred in concluding that it lacked discretion to consider the inmate's request for concurrency of his sentences when the federal sentencing court was silent.  See id.  The circuit court further held that the Bureau of Prisons has an obligation to look at the case and exercise discretion to decide whether the state prison should be designated as a place of federal confinement nunc pro tunc.  See id.

In United States v. Randolph, the Court of Appeals for the Third Circuit noted the split between the circuits as to whether a district court can order a federal sentence to run consecutively to a state sentence not yet imposed.  80 Fed. Appx.

15

190, 2003 WL 22596104 (3d Cir. Oct. 20, 2003).  The Sixth,
Seventh, and Ninth Circuits have held that the district court may
not order a federal sentence to run consecutively to a future
state sentence, while the Fifth, Tenth, and Eleventh Circuits
have held that a district court may so order consecutive
sentences.  See Randolph, 80 Fed. Appx. at 193-94 (citations
omitted).  The Third Circuit found that the last sentence of
§ 3584(a) requires that sentences be served consecutively if the
federal court does not address the issue, "as they unquestionably
[are] multiple terms of imprisonment imposed at different times .
. . ."  See id. at 195.  The court held that a petitioner "in
Randolph's position must serve his state and federal terms of
imprisonment consecutively unless he can convince the Bureau of
Prisons to designate the state prison as 'the official detention
facility at which the sentence is to be served.'"  Id. at 196

16

(citing 18 U.S.C. § 3585(a); 18 U.S.C. § 3621(b)[4]; <u>Barden</u>, 921
F.2d at 481-84)(other citation omitted).

In this case, the BOP has considered petitioner's request
for <u>nunc pro tunc</u> designation and has denied it, in accordance
with the discretion it is given under § 3621(b) to designate the
place of the prisoner's imprisonment.  Therefore, "any further
review of the Bureau's action will be limited to abuse of
discretion."  <u>Barden</u>, 921 F.2d at 478.  Further, "such a
designation by the BOP is plainly and unmistakably within the

---

[4]  18 U.S.C. § 3621(b) states, in relevant part:

**Place of imprisonment.**--The Bureau of Prisons shall
designate the place of the prisoner's imprisonment. The
Bureau may designate any available penal or
correctional facility that meets minimum standards of
health and habitability established by the Bureau,
*whether maintained by the Federal Government or
otherwise* and whether within or without the judicial
district in which the person was convicted, that the
Bureau determines to be appropriate and suitable,
considering--
**(1)** the resources of the facility contemplated;
**(2)** the nature and circumstances of the offense;
**(3)** the history and characteristics of the prisoner;
**(4)** any statement by the court that imposed the sentence--
**(A)** concerning the purposes for which the sentence to
imprisonment was determined to be warranted; or
**(B)** recommending a type of penal or correctional facility as
appropriate; and
**(5)** any pertinent policy statement issued by the Sentencing
Commission pursuant to section 994(a)(2) of title 28.

(Emphasis added).

BOP's discretion and [the court] cannot lightly second guess a
<u>deliberate and informed</u> determination by the agency charged with
administering federal prison policy." <u>Taylor v. Sawyer</u>, 284 F.3d
1143, 1149 (9th Cir. 2002)(emphasis added)(citing <u>McCarthy v.
Doe</u>, 146 F.3d 118, 123 (2d Cir. 1998); <u>Barden</u>, 921 F.2d at 478).

In the instant case, there is no evidence in the record that
the BOP adhered to the Program Statement and <u>Barden</u> and examined
the intent of the sentencing judge.  There is no evidence that
the sentencing court's order and recommendations were examined.
In fact, the BOP, in determining that the federal judge ordered
the two supervised release violator sentences to run
consecutively with the state sentence, erroneously interpreted
the sentencing judgments.  The sentence imposed by the federal
court for drug charges states:

> The defendant is hereby committed to the custody
> of the United States Bureau of Prisons to be imprisoned
> for a total term of 64 month(s).  This term consists of
> terms of 64 months on each of Counts 1 and 4, to be
> served concurrently.

The sentences imposed by the federal court for violating the
conditions of supervision states:

> The defendant is hereby committed to the custody
> of the United States Bureau of Prisons to be imprisoned
> for a total term of 154 month(s).  The term of
> imprisonment imposed by this Judgment shall run
> consecutively to defendant's imprisonment under any
> <u>previous state or federal sentence.</u>

(Emphasis added).

The sentence imposed by the federal court for violating probation states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 month(s).  The term of imprisonment imposed by this Judgment shall run consecutively to defendant's imprisonment under any previous state or federal sentence.

(Emphasis added).

In Petitioner's case, the federal judge ordered that the violator sentences run consecutive to previous state sentences. However, Petitioner was not sentenced in state court until March 8, 1999, almost one month after the federal sentences were imposed.  Thus, unlike the erroneous determination by the BOP, the federal judge did not order that the violator sentences run consecutively to the not-yet-imposed state sentence.

Therefore, the BOP's basis for denying the request for nunc pro tunc designation, that is, that the court's intent was that the federal sentences be served consecutive to the state sentence, appears to be incorrect.  There is no evidence that the intent of the sentencing judge was reviewed.  In fact, as evidenced by the record provided by Petitioner, Petitioner states:

> At the time of my federal sentencing I had not been convicted nor sentenced in the state courts; the judge noted that at that time and thus he was unable to order that my federal time be served concurrently.  I believe the federal judge's intent would have been to do that since the federal and state charges are exactly the same and stemming from the same incident.

19

> Additionally, the US Prosecutor also indicated to the
> judge that the federal time should be run concurrently
> with the state sentence that had not yet been imposed.
> A review of the sentencing transcripts will reveal that
> both the judge and the Prosecutor were in congruence
> with the potential concurrent nature of a sentence
> since as the Prosecutor pointed out the state and
> federal charges stemmed from the identical incident.

(Declaration of Mayer, Ex. 8a).

In the instant case, the Court finds that the BOP abused its discretion in denying petitioner's request for <u>nunc pro tunc</u> designation.  There is nothing in the record demonstrating that the BOP considered Petitioner's request in accordance with <u>Barden</u> and its own Program Statement.

As noted in <u>Barden</u>:

> Whether Barden's actions while under confinement
> in both the Pennsylvaia and federal prisons, the intent
> of the state judge that Barden's state sentence be
> served concurrently with the earlier federal sentence
> and any other broadly relevant characteristics or
> circumstances entitled Barden to relief in the form of
> *nunc pro tunc* designation of the state prison as a
> place of federal confinement, even if the failure so to
> designate it was the result of mistake or inadvertence,
> is a matter within the Bureau's sound discretion.  We
> hold only that the Bureau has the power to grant
> relief, that Barden is entitled to have the Bureau
> examine his case and that habeas as authorized by 18
> [sic] U.S.C. § 2241 is an appropriate judicial means of
> compelling that examination.  A redesignation of the
> state prison where he spent more than ten years as a
> place of federal confinement plainly would affect the
> absolute term of his confinement as well as his right
> to parole.  As the Supreme Court wrote in *Peyton*, "the
> habeas statute does not deny the federal courts power
> to fashion appropriate relief other than immediate
> release."
>
> Under the statute and the Bureau's regulations,
> Barden is entitled to "fair treatment" on his

application for *nunc pro tunc* designation of the state
facility as a place of confinement for his federal
sentence.  *See* 28 C.F.R. 541.12 (1989)("[Inmates] have
the right to expect that as human beings [they] will be
treated respectfully, impartially and fairly by all
personnel.").

Barden, 921 F.2d at 483 (citations omitted).

## CONCLUSION

For all of the foregoing reasons, the instant petition for a

writ of habeas corpus is granted for the purpose of

reconsideration of Petitioner's request for nunc pro tunc

designation.  The matter will be remanded to the Bureau of

Prisons for a determination of Petitioner's nunc pro tunc request

in accordance with Barden and Program Statement 5160.05.

Respondent will be ordered to inform the Court within 30 days as

to its compliance with this Opinion and attached Order.


                        s/Freda L. Wolfson
                        FREDA L. WOLFSON
                        United States District Judge

Dated: April 25, 2006


21